# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH SAMUEL FERGUSON,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 19-C-55

KENOSHA POLICE DEPARTMENT, and
RYAN MCDONOUGH,

        Defendants.

## SCREENING ORDER

*Pro se* plaintiff Joseph Ferguson filed a civil rights complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915(a)(1). ECF Nos. 1–2. This case was originally assigned to U.S. Magistrate Judge David E. Jones. Not all parties have had the opportunity to consent to magistrate judge jurisdiction; therefore, the case was randomly reassigned to this court for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA allows an incarcerated plaintiff to proceed with a lawsuit in federal court without prepaying the $350 filing fee, as long as he complies with certain requirements. 28 U.S.C. §1915. One of those requirements is payment of an initial partial filing fee.

On January 22, 2019, Judge Jones waived the initial partial filing fee because plaintiff neither had the assets nor the means to pay. ECF No. 7. Judge Jones instructed plaintiff to notify

the court, on or before February 12, 2019, if he wished to voluntarily dismiss this action to avoid the possibility of incurring a strike under §1915(g). *Id.* Plaintiff did not voluntarily dismiss this case. Therefore, the court will grant plaintiff's motion to proceed without prepayment of the filing fee and will screen the complaint.

## SCREENING OF THE COMPLAINT

The PLRA requires federal courts to screen complaints brought by an incarcerated plaintiff who seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id*. at 679. First, the court determines whether plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. Courts give *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on July 9, 2018, McDonough used excessive force during an arrest. ECF No. 1 at 2. Plaintiff states that he "never resisted arrest," yet McDonough tazed him so severely that he had to "have the prongs cut out of [his] skin." *Id*. Plaintiff notes that he was not charged with resisting an officer. *Id*. For relief, plaintiff seeks monetary damages. *Id*. at 3.

### THE COURT'S ANALYSIS

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The Kenosha Police Department is not a proper defendant. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). A police department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Id*.

3

(citing *Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999)). Accordingly, the court will dismiss Kenosha Police Department from this case.

An arrestee's claim for excessive force is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396.

Plaintiff states that he was severely tazed even though he was not resisting arrest. At this early stage of the litigation, the court will allow plaintiff to proceed with a Fourth Amendment claim that McDonough's use of the tazer was an excessive use of force. *See Lawrence v. Lewandowski*, No. 08-C-108, 2009 WL 2950611, at *5–6 (E.D. Wis. Sept. 9, 2009) (concluding that the plaintiff stated a Fourth Amendment claim when he alleged that he was "suddenly immobilized by a tazer" even though he was cooperating with an officer's orders.)

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without the prepayment of the filing fee (ECF No. 2) is **GRANTED**. The agency having custody of plaintiff shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If plaintiff transfers to

another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

**IT IS ORDERED** that defendant Kenosha Police Department is **DISMISSED** from this case.

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Ryan McDonough pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ORDERED** that Ryan McDonough shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that this case be **RETURNED** to United States Magistrate Judge Jones for further proceedings.

**IT IS ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the

5

Court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Signed in Green Bay, Wisconsin, this  6th  day of March, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.